**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TRUSTEES AND FIDUCIARIES OF THE
TEAMSTERS LOCAL 814 WELFARE,
PENSION AND ANNUITY TRUST FUNDS,

                                Plaintiffs,         **REPORT AND**
                                                             **RECOMMENDATION**

               - against -                                09-CV-5396 (JG) (JO)

RELIANCE MOVING AND STORAGE, INC.,
                              Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        The plaintiffs brought this action to confirm an arbitration award. Docket Entry ("DE") 1. The defendant, Reliance Moving and Storage, Inc. ("Reliance"), defaulted, and by Order dated May 13, 2010, the Honorable John Gleeson, United States District Judge, directed the Clerk of the Court to enter default judgment in favor of the plaintiffs. DE 7. Subsequently, Joseph Barry ("Barry"), a principal of Reliance, filed a letter complaining that the arbitration had been unfair. DE 9 (the "Letter"). The court deemed that letter a motion to vacate the default judgment and referred the matter to me for a report and recommendation. Order dated May 21, 2010. I now make my report and, for the reasons set forth below, recommend that the court strike the motion to vacate the default judgment.

I.    <u>Background</u>

        On December 9, 2009, the plaintiffs brought a petition to confirm and enforce a labor arbitration award issued in their favor, pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended; and Section 9 of Title 9, United States Code. DE 1. A copy

of the summons and petition was served on Reliance on February 1, 2010. DE 2. Reliance did not answer or otherwise defend against the petition.

On April 16, 2010, the plaintiffs had still done nothing to act on Reliance's default. I therefore entered the following order:

> No later than May 17, 2010, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendant.

DE 3.

That order prompted action on both sides of the dispute. Almost two weeks after I entered the order, the plaintiffs filed a motion on April 29, 2010, seeking both the entry of a default pursuant to Federal Rule of Civil Procedure 55(a) and the entry of a default judgment confirming the arbitration award pursuant to Rule 55(b). DE 4. Reliance itself did not respond to my order, but Barry, acting in his capacity as sole shareholder and founder, did. Specifically, by letter dated May 17, 2010 – the last day for compliance with my order of April 16, 2010 – Barry purported to respond to the order by asserting that his company owed nothing to the plaintiffs, complaining about the fairness of the underlying arbitration, and asking me to "assign an independent arbitrator to this case[.]" Letter at 2.

Complicating the procedural posture of the case, by the time Barry submitted his letter – by which time the plaintiffs had already served their motion for a default judgment on Reliance at the same address that appears on Barry's letterhead, *compare* DE 4 at 53 (certificate of service),

*with* Letter at 1 – the Clerk had entered Reliance's default and the court had granted a default judgment. DE 6; DE 7. Moreover, on May 19, 2010 – two days after Barry sent his letter, but before it was filed on the docket of this case – the Clerk entered the default judgment that the court had previously ordered. DE 8. In light of the procedural posture, the court construed Barry's letter as a motion to vacate the default judgment, and referred that motion to me for the instant report and recommendation. Order dated May 21, 2010.

I subsequently held a conference on the motion on June 12, 2010, at which the plaintiffs and Barry agreed to hold settlement discussions and each pledged to take steps to permit productive negotiations. DE 12. I explained to Barry during that conference that his company could not appear without counsel, and he confirmed that he understood the requirement. *Id.* Nevertheless, although an attorney provided assistance to Barry in subsequent conferences, that attorney declined to appear on behalf of Reliance and the corporate defendant remains without counsel – and therefore in default – to this day. *See* DE 13; DE 16.

During the time that I gave them to negotiate – including an extension of that time to which Barry and the plaintiffs consented, *see* DE 13 – the plaintiffs and Barry continued to squabble over the particulars of their pledges at the June 12 conference and ultimately reported they were unable to reach a settlement. *See* DE 14; DE 15; DE 16. I therefore afforded Reliance a final opportunity to obtain counsel to submit facts or argument in support of the motion to vacate the default judgment by August 16, 2010. DE 16. It never did so.[1]

---

[1] Instead, Barry wrote to me yet again without counsel, seeking a further extension to pursue settlement. DE 18. For reasons discussed in greater detail below, and that I had already repeatedly explained to Barry, that communication did not constitute a cognizable request on behalf of corporate defendant Reliance. In the absence of consent, I therefore denied Barry's request for additional time. Order dated August 18, 2010.

3

II. Discussion

"'[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney.'" *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (quoting *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975)). Neither a corporate entity's sole shareholder nor an officer may represent it in court. *See Berrios v. New York City Housing Auth.*, 564 F.3d 130, 133 (2d Cir. 2009); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). I see no basis for relaxing that rule in this case. Barry acknowledged that Reliance has previously engaged the services of counsel to represent it in its dispute with the plaintiffs, Letter at 2, but did not explain why it did not do so in making the instant request. Moreover, although I warned Barry that Reliance must appear through counsel, and although an attorney assisted Barry in some of the conferences before me, Barry never obtained representation for his company and instead wrote to the court himself to request relief on its behalf. *See* DE 12; DE 13; DE 14; DE 16. Despite receiving a further reminder of the requirement and a final chance to obtain a lawyer to submit facts or argument supporting the motion to vacate default, DE 16, Barry took no cognizable action. Accordingly, I respectfully recommend that the court strike the instant motion. *See* Fed. R. Civ. P. 11(a) (requiring "[e]very pleading, written motion, and other paper [to] be signed by [a party's] attorney of record ... or by a party personally if the party is unrepresented" and requiring the court to strike a non-compliant submission "unless the omission is promptly corrected after being called to the attorney's or party's attention").[2]

---

[2] Barry's uncounseled motion does not identify the source of authority for the relief he seeks, but since judgment has been entered, Reliance could only succeed in having it vacated if it satisfied the standard set forth in Rule 60(b). That rule authorizes a court to relieve a party from a final

4

The court could of course dismiss the motion without prejudice to renewal upon the appearance of counsel. *See Research Automation*, 521 F.2d at 589-90. That may be warranted where the party could show that it was unaware of the requirement to appear through counsel and is likely to procure representation in the future. *See id.* Where, as here, the party is on notice of the requirement and repeatedly ignores it, dismissal with prejudice is appropriate.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court strike the motion to vacate the default judgment.

---

judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6); *see also* Fed. R. Civ. P. 55(c) (authorizing the court to set aside the entry of default for "good cause," but providing for a default judgment to be set aside only "under Rule 60(b)"). Under Rule 60(b), the court's decision to vacate is guided by three factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (internal quotation marks omitted).

Barry's letter suggests that Reliance, if it appeared, might have been in a position to satisfy the standard for vacatur. Barry alleged (and I assume that Reliance would do the same if it appeared) that the arbitrator in the underlying action was biased. Letter at 2. That allegation could serve as the basis for a meritorious defense to the plaintiffs' claim, as a party seeking to vacate a default is not required to meet any burden of persuasion on the merits to establish a meritorious defense as long as he "give[s] the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal quotation marks omitted). In addition, vacatur would not cause any identifiable prejudice to the plaintiffs. Finally, had Reliance appeared through counsel to object to the entry of judgment, it might have been able to show that its earlier default was not willful. At this point, however, the fact that the corporation even now declines to appear by counsel – despite being on notice of the consequences and despite its principal having secured the assistance of an attorney in the most recent conferences – undermines the proposition that the continuing default is anything other than willful. In any event, for the reasons set forth above, the law plainly forbids granting relief to a corporation that has yet to appear.

5

IV. Objections

I direct the plaintiffs to serve a copy of this Report and Recommendation on defendant Reliance Moving and Storage, Inc. by certified mail, and to file proof of service no later than August 23, 2010. Any objections to this Report and Recommendation must be filed on the electronic docket no later than September 7, 2010. If the defendant seeks to object, it must do so through counsel of record; further communications by its principal Joseph Barry will not suffice to lodge any objection. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
August 19, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge